UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA            CRIMINAL NO. 05-10079-RCL

v.

MARCOS RODRIGUEZ SANTOS

                            REPORT ON
                     FINAL STATUS CONFERENCE


     On June 23, 2005, the parties appeared before this Court for a Final Status Conference.  With regard to the following issues, the parties represent that:

1.  There are no outstanding discovery issues not yet presented or resolved by the Court.

2. The government does not expect to provide additional discovery unless the matter proceeds to trial in which case the government will provide a final fingerprint comparison which will be performed by the Latent Print Examination Unit of the FBI.

3.  The defendant does not intend to raise a defense of insanity or public authority.

4. The government has requested notice of alibi and the defendant has not responded that he will raise an alibi defense.

5. The defendant has not filed yet any motion to sever, dismiss, or suppress or, any other motion requiring a ruling by the District Court prior to trial.

6. There is no other matter which requires a schedule be set in the case.

7. The parties have discussed the possibility of an early resolution of the case without trial.  The parties have not, at this time, resolved this case.

8. There are periods of excludable delay under the Speedy Trial Act.

    (a)  Total amount of time excludable under the Speedy Trial Act:

Time excluded from 3/25/2005 until 3/29/2005.
Time excluded from 3/29/2005 until 4/26/2005.
Time excluded from 5/10/2005 until 5/24   /2005.
Time excluded from 5/24/2005 until 6/23/2005.

    (b)  Amount of time remaining under the Speedy Trial Act before trial must commence:

    56 days

9. Should this case proceed to trial, the government anticipates that its case-in-chief will take approximately 3 days.

By the government:                          By the Defendant:


/s/Nadine Pellegrini                        /s/John Palmer
Nadine Pellegrini, AUSA                     John Palmer, Esq.

Dated: June 23, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA            CRIMINAL NO. 05-10079-RCL

v.

MARCOS RODRIGUEZ SANTOS

REPORT ON
FINAL STATUS CONFERENCE


   On June 23, 2005, the parties appeared before this Court for a Final Status Conference.  With regard to the following issues, the parties represent that:

1.   There are no outstanding discovery issues not yet presented or resolved by the Court.

2. The government does not expect to provide additional discovery unless the matter proceeds to trial in which case the government will provide a final fingerprint comparison which will be performed by the Latent Print Examination Unit of the FBI.

3.  The defendant does not intend to raise a defense of insanity or public authority.

4. The government has requested notice of alibi and the defendant has not responded that he will raise an alibi defense.

5. The defendant has not filed yet any motion to sever, dismiss, or suppress or, any other motion requiring a ruling by the District Court prior to trial.

6. There is no other matter which requires a schedule be set in the case.

7. The parties have discussed the possibility of an early resolution of the case without trial.  The parties have not, at this time, resolved this case.

8. There are periods of excludable delay under the Speedy Trial Act.

    (a)  Total amount of time excludable under the Speedy Trial Act:

Time excluded from 3/25/2005 until 3/29/2005.
Time excluded from 3/29/2005 until 4/26/2005.
Time excluded from 5/10/2005 until 5/24   /2005.
Time excluded from 5/24/2005 until 6/23/2005.

    (b)  Amount of time remaining under the Speedy Trial Act before trial must commence:

        56 days

9. Should this case proceed to trial, the government anticipates that its case-in-chief will take approximately 3 days.

By the government:                          By the Defendant:


/s/Nadine Pellegrini                        /s/John Palmer
Nadine Pellegrini, AUSA                     John Palmer, Esq.

Dated: June 23, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA                CRIMINAL NO. 05-10079-RCL

v.

MARCOS RODRIGUEZ SANTOS

REPORT ON
FINAL STATUS CONFERENCE


     On June 23, 2005, the parties appeared before this Court for a Final Status Conference.  With regard to the following issues, the parties represent that:

1.   There are no outstanding discovery issues not yet presented or resolved by the Court.

2. The government does not expect to provide additional discovery unless the matter proceeds to trial in which case the government will provide a final fingerprint comparison which will be performed by the Latent Print Examination Unit of the FBI.

3.   The defendant does not intend to raise a defense of insanity or public authority.

4. The government has requested notice of alibi and the defendant has not responded that he will raise an alibi defense.

5. The defendant has not filed yet any motion to sever, dismiss, or suppress or, any other motion requiring a ruling by the District Court prior to trial.

6. There is no other matter which requires a schedule be set in the case.

7. The parties have discussed the possibility of an early resolution of the case without trial.  The parties have not, at this time, resolved this case.

8. There are periods of excludable delay under the Speedy Trial Act.

    (a)  Total amount of time excludable under the Speedy Trial Act:

Time excluded from 3/25/2005 until 3/29/2005.
Time excluded from 3/29/2005 until 4/26/2005.
Time excluded from 5/10/2005 until 5/24    /2005.
Time excluded from 5/24/2005 until 6/23/2005.

    (b)  Amount of time remaining under the Speedy Trial Act before trial must commence:

        56 days

9.  Should this case proceed to trial, the government anticipates that its case-in-chief will take approximately 3 days.

By the government:                          By the Defendant:


/s/Nadine Pellegrini                        /s/John Palmer
Nadine Pellegrini, AUSA                     John Palmer, Esq.

Dated: June 23, 2005