UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA,**

      **v.**　　　　　　　　　　　　　　**CRIMINAL NO.** 05-10079-RCL

**MARCOS SANTOS**
    **Defendant**

**PROCEDURAL ORDER
RE: SENTENCING HEARING**

**LINDSAY, D.J.**

    A plea of guilty or nolo contendere, or a verdict of guilty, having been entered on **August 3, 2005**, under the Sentencing Reform Act of 1984, it is hereby **ORDERED**:

**Date of Sentencing**

    Sentencing in this matter shall take place at **2:00PM** on **November 28, 2005** in Courtroom 11, United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210.

**Pre-sentence Investigation**

    1.    a)    The United States Probation Office shall commence immediately the pre-sentence investigation unless, as provided in Fed. R. Crim. Rule 32(c), the court finds under Rule 32(b)(1)(A) and (B) that the information in the record enables it to exercise its sentencing authority meaningfully under 18 U.S.C. § 3553 and the court explains this finding on the record.

            b)    The Probation Office shall prepare presentence reports in the order in which the requests from the court are received.

**Statement of Relevant Facts**

    2.    Not later than **seven days after the plea or verdict,** the attorney for the government shall provide to the United States Probation Office and serve upon the attorney for the defendant a statement of relevant facts and any other documents deemed by the attorney for the government to be pertinent to the

preparation of the presentence report, including a statement concerning whether the government will file any motion pertaining to acceptance of responsibility.

**Interview of Defendant**

3. The Probation Office shall interview the defendant during the presentence investigation, giving a reasonable opportunity for the attorney for the defendant to attend such interview of the defendant. The interview shall be conducted within **seven days after the finding of guilt by the jury, or in case of a plea, within seven days after the plea.** If appropriate and feasible, the probation office may conduct the interview on the day of the finding of guilt by a jury or the plea by the defendant. If the defendant is in custody, the United States Marshal shall, at the request of the Probation Office, bring the defendant to the courthouse for an interview at the earliest feasible time.

**Obligations of Pretrial Services**

4. Pretrial Services shall provide to the Probation Office all documents in the possession of Pretrial Services that may be relevant to the presentence investigation, including, but not limited to, a copy of the pretrial report, the defendant's state, local, and national criminal record, police reports, copies of convictions, drug test results, and reports of incidents.

**Initial Presentence Report**

5. Not later than **five weeks before the date set for sentencing,** the Probation Office shall prepare and disclose the Probation Office's initial presentence report to the attorney for the government and the attorney for defendant. The parties may receive the initial presentence report at a time shorter than five weeks before the date set for sentencing if they agree to such shorter time and so advise the Probation Office in writing.

Disclosure of the initial presentence report to each attorney shall be deemed to have been made when the report is mailed, postage prepaid, to that attorney. An attorney, in lieu of receiving disclosure by mail, may make arrangements with the Probation Office to pick up the report not later than 3:00 p.m. on the date disclosure is due to be made. It shall be the responsibility of the attorney for the defendant to disclose the presentence report to the defendant and to discuss the report with the defendant.

**Procedure for Objections**

6. **Within fourteen days after disclosure of the presentence report**, the attorney for the government and the attorney for the defendant shall advise the probation officer and each other in writing of any objections they may have to any information, sentencing classifications, Sentencing Guideline ranges, or other matters contained in or omitted from the initial presentence report.

7. The probation officer thereafter shall conduct any further investigation and make any revisions to the initial presentence report that may be necessary to respond to objections. If the probation officer requests, the attorneys shall confer with the probation officer to identify and attempt to resolve any factual or legal disputes arising from the initial presentence report.

**Final Presentence Report**

8. Not later than **seven days before the date of sentencing,** the probation officer shall submit to the court and disclose to the attorneys for the government and the defendant, the final presentence report, If there are unresolved objections to the final presentence report, the final presentence report shall include an addendum setting forth the unresolved objections, the grounds for such objections and the probation officer's comments on the objections. The Probation Office shall not disclose any recommendation it has made to the court with respect to sentencing.

No such recommendation made to the court by the Probation Office, however, shall contain factual information not already disclosed to the parties.

**Sentencing**

9. The court may hold a hearing to resolve disputed issues pertaining to sentencing. If any party believes that an evidentiary hearing will be necessary that party, **not less than five days before the sentencing hearing**, shall so advise the clerk and shall advise the clerk of the estimated time needed to conduct the hearing. In resolving any disputed issues, the court may consider any reliable information presented by the probation officer, the defendant, or the government.

10. Any motion pertaining to the application of the Sentencing Guidelines (including any motion pertaining to acceptance of responsibility) or to any proposed departure from the Sentencing Guidelines shall be made in writing and shall be filed with the court, together with supporting authority, if any, and served on all other parties and the probation officer assigned to the matter not less than **five days before the date set for sentencing.** Responses to such motions shall be in a writing, filed with the court and served on all other parties and the probation officer assigned to the matter **not less than two days before the sentencing hearing.** All other memoranda and materials pertaining to sentencing, including proposed findings of fact and conclusions of law, shall be filed with the court and served on all other parties and the probation officer assigned to the matter **not less than five days before the date set for sentencing.** Except with leave of court, no paper filed and served pursuant to this paragraph 10 shall exceed twenty, double-spaced pages in length.

   **The court, in its discretion, may decline to consider any motion, memoranda or other materials not filed and served in compliance with this paragraph 10.**

-5-

11. The schedule set forth in this order may be modified by the court for good cause shown.

                              **REGINALD C. LINDSAY**
                              **UNITED STATES DISTRICT JUDGE**

                              **BY:/s/ Lisa M. Hourihan**
                                  **Deputy Clerk**

8/4/05