UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 05-10079-RCL |
| | ) | |
| MARCOS SANTOS | ) | |
| | ) | |

<u>SENTENCING MEMORANDUM OF DEFENDANT MARCOS RODRIGUEZ
SANTOS (TRUE NAME MARCOS COELHO)</u>

The Defendant Marcos Coelho ("Coelho") submits this memorandum in support of his recommendation to the Court that he be sentenced to a term of "time served" with supervised release, which is "sufficient, but not greater than necessary, to comply with the purposes of sentencing...." 18 U.S.C. §3553.

<u>Prior Proceedings</u>

On or about March 23, 2005, Defendant Coelho was indicted by a Federal Grand Jury for illegal reentry pursuant to 8 U.S.C. §1326. Coelho was brought before the court on March 25, 2005, and ordered held. On March 29, 2005, Coelho was arraigned and entered a plea of not guilty. On August 3, 2005, Coelho appeared before the Court and changed his plea to guilty. Sentencing was scheduled for November 28, 2005, at 2:00 P.M.

<u>Factual Background</u>

Defendant Marcos Coelho is a thirty-three year old native of Brazil. He is one of seven children raised by Sebastian and Ilda Coelho in poor economic circumstances.

Coelho first came to the United States in 1993 to better himself economically. He worked as a mason and as a laborer. In 1996, Coelho was arrested and subsequently pled

guilty to "statutory rape" in the Middlesex Superior Court. At the time of the offense, the complaining witness's age was fifteen years, eleven months (the alleged offense occurred on December 20, 1995; the complainant's date of birth was 1/16/80). The sexual intercourse with the complainant was fully consensual, as reflected in the charge and the plea.[1] Coelho was sentenced to five years probation.

Coelho subsequently left the United States in 1998, but returned in 2000, after having visited his family. Upon his return on March 26, 2000, he was arrested at the airport and ordered removed. Coelho returned to the United States in 2004, contacted an attorney and, on January 18, 2005, surrendered himself on a violation of probation warrant which had been outstanding on the statutory rape charge. Coelho was held at the Cambridge jail in lieu of bail. On the same date, January 18, the Immigration and Customs Enforcement Agency (ICE) lodged a detainer against Coelho at the jail. On January 25, 2005, the Superior Court (Lauriat, J.), pursuant to a stipulation, found Coelho in violation of probation for failure to report and unauthorized travel. The Court initially sentenced Coelho to a term of two and a half years to two and a half years and a day.

On February 11, 2005, Coelho's state court attorney filed a motion to revoke and revise sentence, citing, <u>inter alia</u>, the ICE detainer. Coelho was brought before the Court on February 28, 2005; the Court allowed the motion to revoke and revise the sentence, ruling as follows:

> "[T]he Defendant is released on personal to the INS detainer only; this matter is set down for sentencing on 3/2/05 at 9 a.m. If the Defendant fails to appear at that time, a default shall enter. If the Defendant is later brought before this court having reentered the United States, the Court will likely impose a sentence of life in prison...."

---

[1] The description of the offense contained in the Presentence Report at paragraph (28), to the extent that it differs from the charge and the plea, is inaccurate and should be stricken.

2

Coelho was subsequently taken into ICE custody, and was therefore defaulted on his state court appearance on March 2, 2005. On March 4, 2005, after reinstatement of the prior order of deportation, the Field Office Director of the New England Field Office of ICE requested the expedited issuance of travel documents for the deportation of Coelho to Brazil. Coelho was held in ICE custody pending indictment in this case on March 23, 2005.

Argument

In this case, an appropriate disposition for Defendant Coehlo, in light of the purposes of sentencing outlined in 18 U.S.C. §3553, would be a sentence of "time served".

A sentencing court is directed to impose a sentence which is "sufficient, but not greater than necessary, to comply with the purposes [of sentencing]", as outlined in 18 U.S.C. §3553. The statute provides as follows: "[I]n determining the particular sentence to be imposed, [the court] shall consider:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;

2. the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the Defendant; and (D) to provide the Defendant with needed educational and vocational training, medical care, or other correctional treatment in the most effective manner;

3. the kinds of sentences available;

4. the kinds of sentences and the sentencing range established for (A) the applicable category of offense committed by the applicable category of defendant as set forth in [the Sentencing Guidelines]...."

5. any pertinent policy statement issued by the Sentencing Commission...;

      6.      the need to avoid unwarranted sentencing disparities among defendants with similar records, who have been found guilty of similar conduct; and

      7.      the need to provide restitution to any victims of the offense". Id.

Following the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), the Sentencing Guidelines are merely advisory, and may be considered, along with other sentencing factors enumerated in 18 U.S.C. §3553, in the context of the overriding principle that a sentence should be "sufficient, but not greater than necessary" to fulfill the "need for the sentence imposed".

### *Nature And Circumstances Of Offense*

Coelho has been charged and pleaded guilty to illegal reentry of a deported alien. 8 U.S.C. §1326(a). Because he was deported "subsequent to a conviction for commission of an aggravated felony", Coelho is subject to the enhanced maximum penalty of twenty years under 8 U.S.C. §1326(b)(2). The offense which serves as a predicate for enhancement under 8 U.S.C. §1326(b)(2), and which adds 16 levels to his Offense Level pursuant to U.S.S.G. §2L1.2(b)(1)(A), is a statutory rape. As noted above, however, the crime did not involve actual violence, and was deemed criminal at all by virtue of the fact that the complainant was 26 days shy of her sixteenth birthday on the date the sexual conduct occurred.

### *History and Characteristics of Defendant*

The history and characteristics of Coelho are set forth in the Presentence Report (PSR) at paragraph (36) through (52). Other than motor vehicle offenses, the Defendant has only one conviction for statutory rape on his record. In addition, he has no criminal record in his native country, Brazil.

*Need For Sentence Imposed*

The Defendant has already been in custody for ten months awaiting disposition of his case, and in ICE custody. An ICE detainer is lodged against him and he will be deported upon release from Federal custody. He has been advised by a state court judge the he will be in all likelihood sentenced to life in prison if he re-enters the United States. Given these circumstances and the nature of the offense, a sentence of "time served" would ensure respect for the law, provide just punishment, and reflect the seriousness of the offense. The deterrent effect of the state court judge's order is self-evident, and the public requires no further protection from this Defendant.

*Sentences Available*

The Defendant may be sentenced to probation, or to a term of imprisonment up to twenty years. PSR paragraphs (57) and (64).

*Advisory Guidelines*

The advisory guideline sentence, without departures, is 37-46 months [see PSR, paragraph (58)]. The Sentencing Guidelines, however, provide for downward departures where "there exists...[a] mitigating circumstances...of a kind or to a degree, not adequately taken into consideration by the Sentencing commission in formulating the guidelines that, in order to advance the objectives set forth in 18 U.S.C. §3553(a)(2), should result in a sentence different from that described". U.S. Sentencing Guidelines §5K2.0 (Policy Statement).

The facts and circumstances of Coelho's case warrant a downward departure to a sentence of "time served". The aggravated felony" of which Defendant was convicted occurred ten years ago and involved consensual sex with the complainant who was just

5

shy of her sixteenth birthday.  The Defendant was charged and pled guilty to statutory rape, which is deemed a "crime of violence" even though no actual force or violence is involved.  See U.S.S.G. §2L.1.2, Commentary, Application Note 1(B)(iii).  He was sentenced to a term of five years probation.  The Defendant was subsequently, in 2005, deemed in violation of his probation for unauthorized travel to Brazil and failure to report [ironically, Defendant's eventual attempt to comply with the terms of his state probation resulted in his illegal reentry into the United States].

When Defendant surrendered himself on January 18, 2005, on the probation warrant, he was held both on bail and an ICE detainer.  The state court, after an initial sentence of commitment, revoked the sentence and released Defendant to ICE custody, and then defaulted him, with the explicit understanding and ruling that if Defendant ever reappeared in the United States he would likely be sentenced to life in prison.

The Defendant has been in continuous custody of State, ICE, and then Federal authorities from January 18, 2005, until the present.

The mitigating circumstances of Defendant's prior conviction for statutory rape, and the circumstances of his subsequent violation of probation, re-entry into the United States, and sentencing in the state court, are factors which are exceptional and which take this case out of the heartland of Guidelines cases.  Cf.  United States v. Lopez-Zamora, 392 F.3d 1087 (9th Cir. 2004) (district court has discretion to depart downward in illegal re-entry case where underlying "aggravated felony" was relatively minor); compare, United States v. Cruz-Guevara, 209 F.3d 644, 647 (7th Cir. 2000) (district court had discretion to depart downward where aggravated felony involved consensual sex between 18 year old defendant and 16 year old girlfriend).

Additionally, the Defendant will not be credited for time served in State and ICE custody (from January 18, 2005, to March 23, 2005). The court should depart downward to give Defendant credit for this period of imprisonment.

### *Policy Statements Of Sentencing Commission*

The relevant policy statements of the Guidelines concerning departures are set forth in 5K2.0 (Grounds for Departure), and U.S.S.G. Introduction, para. 4(b).

### *Unwarranted Sentencing Disparities*

Any disparity that may exist between the sentence of "time served" recommended by Defendant and other defendants previously given a "guideline sentence" would be warranted for the reasons expressed hereinabove. Moreover, any comparison between sentences imposed in a mandatory guideline regime and sentences imposed in the post-Booker era would not be meaningful. It may be, however, that the Defendant is disadvantaged by not having been apprehended in a so-called "fast track" district. See U.S. v. Galvez-Barrios, 355 F.Supp. 2d 958, 963 (E.D. Wis. 2005).

### Restitution

There is no restitution issue in this case.

### Conclusion

In consideration of the applicable mandatory sentencing factors – i.e., the nature and circumstances of the offense, history and characteristics of the Defendant, the purposes of sentencing, the advisory guidelines (with appropriate departures) and policy statements – the sentence of "time served" is appropriate in this case. Such a sentence would be "sufficient but not greater than necessary" to fulfill the sentencing goals of

reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, affording adequate deterence, and protecting the public.

                                        DEFENDANT
                                        By his attorney

                                        <u>/s/John F. Palmer</u>
                                        John F. Palmer
                                        Law Office of John F. Palmer
                                        24 School Street, 8th Floor
                                        Boston, MA 02108
                                        (617)723-7010
                                        BBO# 387980

Dated: November 23, 2005